IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

Plaintiff,

v.                                                    CASE NO. 25-3270-JWL

NATHAN DOLESHAL, et al.,

Defendants.

MEMORANDUM AND ORDER

Plaintiff Tony B. Thomas, a state pretrial detainee currently incarcerated at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. (Doc. 3.) The Court has reviewed the complaint and has identified deficiencies, set forth below, which leave it subject to dismissal in its entirety. Plaintiff will be given time to file a complete and proper amended complaint that cures the deficiencies.

I.    Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Detective Nathan Doleshal, Detective Brian A. Graham, Detective Timothy L. Carney, Detective Justin Contreras, Detective Chris Farks, Detective Carlos Navarro, Detective Nikolay T. Pleshke, and Robert A. Twitchel. (Doc. 1, p. 1-4.) As the factual background for the complaint, Plaintiff alleges that on September 10, 2025, Defendants Doleshal and Graham approached Plaintiff, grabbed him, and threw him to the concrete pavement, causing his head to hit the road very hard. *Id.* at 2, 5. Defendant Contreras pressed Plaintiff's head against the pavement. *Id.* at 3. Plaintiff further alleges that "[t]he defendant" detained him based on the false allegation that he crossed the street illegally; Plaintiff

1

states that he crossed the street in accordance with the law. *Id.* at 2, 5. Defendants illegally arrested Plaintiff and falsely stated that Plaintiff was driving a stolen vehicle. *Id.* at 4. They seized and towed a gray SUV based on the false allegation that it was stolen. *Id.* They then took Plaintiff to the WCDC and detained him "on false charges." *Id.*

In Count I of the complaint, Plaintiff alleges illegal search and seizure, false arrest, and malicious prosecution. *Id.* at 5. As supporting facts for Count I, Plaintiff points to Defendants Doleshal and Graham physically throwing him to the ground, injuring Plaintiff's head. *Id.* Plaintiff also bases Count I on his being searched despite not having violated the law. *Id.*   In Count II, Plaintiff alleges the violation of his constitutional due process rights. *Id.* As supporting facts for Count II, Plaintiff asserts that he crossed the street after the light turned green, giving him the right to cross. *Id.* Plaintiff states that "the defendant" falsely accused him because he "is illegal [illegible] against his will." *Id.*

In Count III of the complaint, Plaintiff alleges that he endured cruel and unusual punishment. *Id.* at 6. As supporting facts for Count III, Plaintiff points to "[a]ll the detectives" throwing him to the pavement and injuring his head. *Id.* Plaintiff also informs the Court that he takes mental health medication. *Id.* As relief, Plaintiff seeks a total of $500,000.00 in monetary damages for emotional and mental distress, for physical injuries, and as punitive damages. *Id.* at 7. Attached to the complaint is a September 12, 2025 affidavit in support of an application for a warrant for Plaintiff's arrest, which will be discussed in greater detail below. (Docs. 1-1 and 1-2.) Plaintiff has also submitted an "Affidavit in Support of Memorandum of Laws and Facts." (Doc. 1-3, p. 1-14.)

## II.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by

statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III.    Discussion

### A. Personal Participation

This action is subject to dismissal as it is brought against Defendants Carney, Farkes, Navarro, Pleshka, and Twitchel because none of the counts set forth in the complaint sufficiently alleges their personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Even liberally construing the pro se complaint, it specifically alleges personal participation in the acts that led to Plaintiff's claims only by Defendants Doleshal and Graham, who allegedly grabbed Plaintiff and threw him to the ground, and by Defendant Contreras, who allegedly pressed Plaintiff's head into the ground. (*See* Doc. 1.) With respect to the other Defendants,  Plaintiff's complaint frequently uses general and collective terms such as "they," "the defendant," or "defendants," without specifically explaining what acts are attributable to whom. This makes it "impossible for any of these individuals" or the Court "to ascertain what particular unconstitutional

acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). In other words, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant" other than Defendants Doleshal and Graham. *See Twombly*, 550 U.S. at 565, n. 10.

The Court notes that the 27 pages of attachments to the complaint include additional factual allegations. For example, Plaintiff's memorandum includes additional facts not asserted in the complaint itself. (*See* Doc. 1-3.) But the factual allegations in Plaintiff's memorandum are not clearly tied to Count I, II, or III. *See id.* And "[i]t is not the role of the court to sort through a lengthy complaint [or attachments thereto] to construct the plaintiff's case." *Chavez v. Huerfano Cnty.*, 195 Fed. App'x 728, 730 (10th Cir. Sept. 1, 2006) (unpublished). Plaintiff will be granted time in which to file a complete and proper amended complaint that sufficiently alleges the direct personal participation by each named Defendant in an act that allegedly violated Plaintiff's constitutional rights. If Plaintiff fails to file an amended complaint, Defendants Carney, Farkes, Navarro, Pleshka, and Twitchel will be dismissed from this case without further prior notice to Plaintiff.

**B. Failure to State a Claim**

**1. Count I**

In Count I, Plaintiff alleges illegal search and seizure, false arrest, and malicious prosecution. (Doc. 1, p. 5.) To the extent that Plaintiff wishes to bring three distinct claims—one for illegal search and seizure, one for false arrest, and one for malicious prosecution—he must bring them in separate counts and he must identify the specific facts that support each count, including which particular Defendant or Defendants was involved in the actions that allegedly violated Plaintiff's constitutional rights. As noted on the required, court-approved form, Plaintiff "may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional

supporting facts." (*See* Doc. 1, p. 5.) If necessary, Plaintiff also may attach pages to his amended complaint to set forth additional counts, but he must provide sufficient specific supporting facts for each count. Plaintiff should not simply refer the reader to an attached memorandum.

Even setting aside the improper combining of claims in Count I, Plaintiff has not alleged sufficient facts to state a plausible claim for relief. As the supporting facts for Count I, Plaintiff states that on September 10, 2025, Defendants Doleshal and Graham "came toward [him] and threw [him] into the concrete pavement," injuring his head. (Doc. 1, p. 5.) "The detective illegal search plaintiff because plaintiff didn't violate the traffic law. Plaintiff had the right to cross the sidewalk. See exhibit 1-2." *Id.* (all errors in original). In the space for setting forth the facts that support Count I, Plaintiff does not allege any details about a search, he does not identify who searched him, and he does not refer to an arrest or prosecution. Even liberally construing all of the facts alleged in support of Count I and taking them as true, Plaintiff has not stated a plausible claim for illegal search, false arrest, or malicious prosecution.

Plaintiff comes closer with his claim of illegal seizure based on Detectives Doleshal and Graham throwing him to the ground. "Any force used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures." *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (citation omitted). When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Under the Fourth Amendment's "objective reasonableness" standard, "courts must 'careful[ly] balance ... the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010) (quoting *Graham*,

490 U.S. at 396). "The ultimate question 'is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.'" *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007) (quoting *Graham*, 490 U.S. at 397).

> Our review of a Fourth Amendment excessive force claim looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading up to that moment. *See Jiron v. City of Lakewood*, 392 F.3d 410, 415 (10th Cir. 2004). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kisela v. Hughes*, [584] U.S. [100, 103] (quoting *Graham*, 490 U.S. at 396). Assessing the reasonableness of the force "requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

*Emmett v. Armstrong*, 973 F.3d 1127, 1134-35 (10th Cir. 2020).

Plaintiff has failed to make sufficient factual allegations in the complaint to show that Detective Doleshal's or Detective Graham's actions in knocking Plaintiff to the pavement were not objectively reasonable. Simply put, Plaintiff does not provide sufficiently specific facts and circumstances to state a plausible claim that Detective Doleshal or Detective Graham used unreasonable force on him in light of the totality of the circumstances that existed at the time. Plaintiff will be granted time in which to file an amended complaint that contains sufficient allegations to state a plausible claim for relief.

As an additional point, the Court notes that Plaintiff has attached to his complaint an "Affidavit for Application for Warrant" dated September 12, 2025. (Docs. 1-1 and 1-2.) The affidavit states, in part:

> On 09/10/2025, investigators received an anonymous tip that "Tony Thomas" was selling narcotics out of room #111 of Hometel Motel, at 4725 State Ave, Kansas City, Wyandotte County, Kansas. The tip suggested that Thomas was in possession of a firearm and a stolen Kia vehicle. In an undercover capacity, Det. Doleshal and Det. Graham observed Thomas driving a gray Kia SUV in the area

and in turn contacted KCKPD Special Operations Units (SOU) to assist. Surveillance ultimately observed Thomas park the vehicle at the motel, and walk away on foot. Thomas was also observed to be in possession of a handgun. Det. Graham and Det. Doleshal already had the criminal history of Thomas and showed him to be a prohibited from possessing a firearm. As a result, SOU officers were instructed to move in and take him into custody.

> Prior to making contact, SOU and surveillance also observed Thomas commit an improper pedestrian movement by crossing State Ave. outside of a marked crosswalk. When doing so, Thomas attempted to flee on foot and threw the gun. Officers took Thomas into custody after a brief foot chase, and the gun was recovered.

(Doc. 1-1.)

This affidavit reflects circumstances surrounding Plaintiff's arrest that contrast sharply with Plaintiff's allegations in the complaint and the implication that he was arrested solely due to purportedly crossing the street in an illegal manner. Where Plaintiff states simply that Detectives Dolshal and Graham "came toward plaintiff and threw plaintiff onto the concrete pavement [illegible] plaintiff head and causing plaintiff head injury," (*see* Doc. 1, p. 5) the affidavit reflects that Plaintiff was arrested after unsuccessfully attempting to flee and throwing a gun. If Plaintiff chooses to file an amended complaint in this matter, he should ensure that he alleges all relevant facts in the complaint itself.

## 2. Count II

Count II is similarly subject to dismissal for failure to state a plausible claim for relief. As supporting facts for Count Two, which alleges a due process violation, Plaintiff states: "The defendant violated plaintiff due process because the light turn green giving plaintiff the right to cross to the next light. The defendant falsely accuse plaintiff due pross violation because plaintiff is illegal [illegible] against his will." (Doc. 1, p. 5 (all errors in original).) Nothing in Count II identifies a specific defendant who violated Plaintiff's due process rights. Moreover, to the extent that Count II is liberally construed to state a due process violation occurred when Plaintiff was

arrested for illegally crossing the street after he crossed in compliance with the law, Plaintiff's claim is undermined by the attached affidavit, which asserts that Plaintiff was arrested, at least in part, because he is legally prohibited from possessing a firearm and was "observed to be in possession of a handgun," which he threw during the ensuing foot pursuit. (*See* Docs. 1-1 and 1-2.)

### 3. Count III

Count III of the complaint alleges cruel and unusual punishment, in violation of the Eighth Amendment, based on "[a]ll the detective[s]" throwing Plaintiff to the ground and injuring him on September 10, 2025. (Doc. 1, p. 6.) Like Counts I and II, Count III fails to identify a specific defendant involved in the acts underlying the allegedly unconstitutional behavior. *Id.* Moreover, even liberally construing  the pro se complaint, the facts on which Count III is based occurred prior to Plaintiff's arrest, so it cannot, as a matter of law, state a plausible Eighth Amendment claim.

"The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (citations omitted); *see also Colbruno v. Kellser*, 928 F.3d 1155, 1162 (10th Cir. 2019) (holding that the Eighth Amendment's prohibition of cruel and unusual punishment "applies to those who have been convicted of crime"). Because Count III is based on events that occurred during Plaintiff's arrest, he cannot—as a matter of law—succeed on an Eighth Amendment claim based on those events. *See Maughan v. Salt Lake City Police Dep't*, 2022 WL 16723519, *4 (D. Utah Sept. 7, 2022) (unpublished) (dismissing with prejudice Eighth Amendment claim based on events that occurred prior to criminal conviction), *report and recommendation adopted at* 2022 WL 16712898 (D. Utah Nov. 4, 2022) (unpublished). Count III

is therefore subject to dismissal with prejudice.

## IV.    Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier complaint or pleading, nor may he simply refer to an attached memorandum in support of the amended complaint. The amended complaint must contain all factual allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (25-3270) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 20, 2026**, in which to file a complete and proper amended complaint that cures the deficiencies identified in this order. The clerk is directed to send Plaintiff the required form on which to file an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 19th day of December, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge